UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Brandon Furll,                                                      Case No.  3:14-cv-00637

        Plaintiff

    v.                                                                  MEMORANDUM OPINION
                                                                                               AND ORDER

URS Energy & Construction, Inc. et al,

        Defendants


### I. INTRODUCTION

Before me is the motion of Defendant Local Lodge No. 85, International Brotherhood of Boilermakers, to dismiss Plaintiff Brandon Furll's claims against it.  (Doc. No. 10).  Furll filed a brief in opposition.  (Doc. No. 14).  Local 85 submitted a reply.  (Doc. No. 15).  For the reasons stated below, Local 85's motion to dismiss is granted.  Further, I decline to exercise supplemental jurisdiction over Furll's state law claims against Defendants URS Energy & Construction, Inc., and Nick Pillarelli, and dismiss those claims without prejudice.

### II. BACKGROUND

On April 24, 2013, Furll was discharged from his position as a journeyman boilermaker at the URS Detroit Edison Monroe Power Plant, allegedly for insubordination.  A business agent for Local 85 initiated the grievance procedure on Furll's behalf.  Furll's discharge ultimately was converted into a layoff and he received 60 hours of back pay.

On September 23, 2013, Furll began working for a company Furll identifies only as B&W.  Furll asserts that on the day he began working for B&W, the company's general foreman informed him that the company considered Furll's discharge from URS as a "first strike" against him.  Nick Pillarelli, a URS superintendent, was present during this discussion.  Furll confronted Pillarelli, who

"blamed Local 85 and URS for disclosing [Furll's] discharge to B&W." (Doc. No. 1 at 4). Several of Furll's new coworkers apparently overheard the conversation between Furll and Pillarelli, leading to "an [all-time] high" in "the boilermaker gossip." (Id.). Furll states the gossip continued on September 24 and created an unsafe and hostile work environment. Furll unsuccessfully attempted to contact the union bull steward and subsequently asked David Leadford, the B&W steward, to contact Local 85's business agent. On September 25, the business agent negotiated with B&W for a voluntary layoff for Furll, which he accepted to avoid more harassment at the B&W worksite.

### III. STANDARD

Rule 12(b)(6) provides for dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Courts must accept as true all of the factual allegations contained in the complaint when ruling on a motion to dismiss. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). To survive a motion to dismiss under Rule 12(b)(6), "even though a complaint need not contain 'detailed' factual allegations, its 'factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.'" *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Twombly*, 550 U.S. at 555 (stating that the complaint must contain something more than "a formulaic recitation of the elements of a cause of action"). A complaint must state sufficient facts, when accepted as true, to state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully" and requiring the complaint to allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct).

In conjunction with this standard, I am cognizant that Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the complaint need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (citing *Twombly*, 550 U.S. at 596); *see also Sensations, Inc. v. City of Grand Rapids,* 526 F.3d 291, 295-96 (6th Cir. 2008).

## IV.    ANALYSIS

Furll's complaint presents four claims for relief. First, Furll asserts Local 85 breached its duty of fair representation by failing to take any action in connection with his voluntary layoff. Second, Furll asserts a claim for tortious interference with a contract against Local 85, Pillarelli, and URS. Third, Furll asserts a claim for tortious interference with a business relationship against Local 85, Pillarelli, and URS. Finally, Furll asserts Pillarelli and URS defamed him by telling B&W that Furll was discharged from URS for insubordination.

Local 85 asserts Furll's complaint presents a hybrid § 301 claim but fails to allege Furll's employer breached the collective bargaining agreement. Under § 301 of the Labor Management Relations Act (LMRA), an employee may bring suit against his employer for breach of a collective bargaining agreement. The employee only may do so, however, if he has exhausted the grievance procedure laid out in the collective bargaining agreement. *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 652 (1965). The employee may avoid this procedural barrier by bringing a § 301 claim against his union, alleging the union has breached its duty of fair representation by wrongfully preventing the employee from exhausting the grievance procedure. *Humphrey v. Moore*, 375 U.S. 335, 343-44 (1964); *Vaca v. Sipes*, 386 U.S. 171, 185 (1967). A hybrid § 301 action thus includes both a claim of breach of the collective bargaining agreement by the employer and a claim of breach of the duty of fair representation by the union. The employee must prove both elements of a hybrid § 301 action in order to recover against either the employer or the union. *Hines v. Anchor Motor Freight, Inc.*, 424

U.S. 554, 570 (1976). This is true if he sues only the employer or the union, or if he sues both. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 165 (1983).

Furll argues he adequately pled his employer breached the collective bargaining agreement because he stated in his complaint that "Perreli (sic), Local 85, and URS . . . intentionally and unjustifiably induced B&W to breach its contract with Plaintiff." (Doc. No. 1 at 6). It is clear, however, that this is no more than an impermissible attempt to convert a legal conclusion into a factual allegation. *See Iqbal*, 556 U.S. at 679 (pleadings that "are no more than conclusions . . . are not entitled to the assumption of truth"). Furll fails to offer any factual content that might support a reasonable inference that B&W breached the collective bargaining agreement. *Id.* at 678.

Furll also contends he may pursue his claim against Local 85 as a stand-alone claim. As a general matter, federal courts have jurisdiction under 28 U.S.C. § 1337 to hear a claim for breach of a union's duty of fair representation without an accompanying claim for breach of contract under § 301. *Storey v. Local 327, Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen and Helpers*, 759 F.2d 517, 523 (6th Cir. 1985). A union breaches its duty of fair representation when its conduct toward a member of the union is arbitrary, discriminatory, or in bad faith. *Vaca v. Sipes*, 386 U.S. 171, 190 (1967); *Air Line Pilots Ass'n, Int'l v. O'Neill*, 499 U.S. 65, 67 (1991).

A union's handling of a grievance may be arbitrary if "it handles a grievance in a 'perfunctory' manner, with caprice or without rational explanation." *Poole v. Budd Co.*, 706 F.2d 181, 183 (6th Cir. 1983); *see also Vaca*, 389 U.S. at 190 (conduct is arbitrary "only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a 'wide range of reasonableness' . . . as to be irrational") (quoting *Ford Motor Co. v. Huffman*, 345 U.S. 330, 338 (1953)). "[M]ere negligence or mistaken judgment is insufficient to establish a breach of the union's duty." *Poole*, 706 F.2d at 183. Judicial review of a union's conduct "must be highly deferential, recognizing the wide latitude that negotiators need for the effective performance of their bargaining responsibilities." *O'Neill*, 499 U.S. at 78; *see also id.* at 77 (*Vaca* standard applies to

4

challenges to a union's contract administration and enforcement efforts as well as its negotiation performance) (quoting *Commc'ns Workers v. Beck*, 487 U.S. 735, 743 (1988)).

Furll alleges Local 85 failed "to conduct a full investigation into the merits and mitigating factors behind [his] termination," and that this conduct was arbitrary. (Doc. No. 1 at 5). Furll also alleges Local 85 failed to represent him "in the voluntary layoff matter" and that "his effort to proceed formally with contractual or administrative remedies would be wholly futile and notes that Local 85 did not permit him to file a formal grievance." (Id.).

Furll's fair representation claim fails for several reasons. Furll alleges Local 85 negotiated a voluntary layoff, which Furll "promptly" accepted. (Doc. No. 1 at 4). This action undermines Furll's allegation that Local 85 "failed to take any action . . . on [his] behalf." (Doc. No. 1 at 5). Further, Furll offers no factual allegations to support his conclusory assertion that Local 85 prohibited him from filing a grievance. He does not allege he ever asked Local 85 to file a grievance or identify what issue he believes should have been grieved, despite his claim that Local 85 had a duty to pursue a hypothetical grievance to arbitration. (Id.). Assuming Furll believes the union should have filed a grievance concerning the workplace harassment – the reason Furll provides for accepting the voluntary layoff for which Local 85 negotiated on his behalf – the union's efforts are a reasonable alternative that falls well within its authority to exercise discretion in representing its members. *Marquez v. Screen Actors Guild, Inc.*, 525 U.S. 33, 45-46 (1998) ("This 'wide range of reasonableness' gives the union room to make discretionary decisions and choices, even if those judgments are ultimately wrong.") (quoting *Huffman*, 345 U.S. at 338); *see also Linton v. United Parcel Serv.*, 15 F.3d 1365, 1372 (6th Cir. 1994) ("ordinary negligence or mistaken judgment by the union in failing to pursue a grievance is not actionable under section 301"). Furll's allegations do not "raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and fail to state a claim that is "plausible on its face." *Iqbal*, 556 U.S. at 678.

5

Local 85 also argues Furll's second and third claims must be dismissed because those claims are preempted by § 301 of the LMRA.  Furll concedes his tortious interference claims are preempted by § 301 and has withdrawn those claims against Local 85 only.  Furll's tortious interference claims against Local 85 are dismissed without prejudice pursuant to Rule 41(a)(2).

### IV.  CONCLUSION

For the reasons stated above, Local 85's motion to dismiss, (Doc. No. 10), is granted.  Further, I decline to exercise supplemental jurisdiction over Furll's state law claims against Defendants URS Energy & Construction, Inc., and Nick Pillarelli, and dismiss those claims without prejudice.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge